In the Matter of the ESTATE OF Matthew McCUTCHEON, Deceased, Maxine McCutcheon Cassidy, Administratrix and Heir, and Matthew McCutcheon, Heir.

Appeal of Maxine McCutcheon CASSIDY, Administratrix and Heir and Matthew McCutcheon, Heir.

Superior Court of Pennsylvania.

Argued Feb. 26, 1997.

Filed Aug. 8, 1997.

Debra A. Washington, Philadelphia, for appellants.

Before TAMILIA, HUDOCK, and SAYLOR, JJ.

TAMILIA, Judge.

Maxine McCutcheon, heir and administratrix of the estate of Matthew McCutcheon, appeals from the October 1, 1996 Decree which dismissed exceptions and denied a motion for rehearing and review of a prior decree dismissing similar exceptions and affirming the adjudication of the account of the estate.[1]

Matthew McCutcheon died intestate on October 6, 1989, leaving to survive him a spouse, Bernice McCutcheon, her daughter, Patricia Sanders, and two of Matthew's children, appellant and Matthew McCutcheon, Jr., who are not the children of Bernice McCutcheon. Apparently, Bernice McCutcheon died shortly after Matthew McCutcheon, thus leaving the three children as the next of kin under intestate laws.[2]

In December, 1995, appellant, as administratrix, filed an account for the estate. Prior to this filing, however, appellant filed the disclaimer of Patricia Sanders, executed on July 11, 1995, and a petition for declaratory judgment to exclude Bernice McCutcheon from distribution of her spousal share. On April 10, 1996, the Honorable Edmund J. Pawelec entered a decree disposing of the final account of the estate. In particular, and relevant to this appeal, the court determined Patricia Sanders to have validly disclaimed any interest she had in the estate, and since the accountant was unable to state whether Ms. Sanders had any issue, awarded her one-third share to the Commonwealth of Pennsylvania, which share was to be paid into the State Treasury and held in custodial capacity subject to refund. The court also ordered no award to the estate of Bernice McCutcheon based on the accountant's uncontested position she willfully neglected and refused to support the decedent and deserted him for more than one year previous to his death.

Appellant thereafter filed timely exceptions to this decree contesting the award of Patricia Sanders' one-third share to the Commonwealth rather than the remaining heirs, and on August 22, 1996, the Orphans' Court en banc affirmed the prior adjudication and dismissed appellant's exceptions. In support of the decision, Judge Frank X.

---

1. We note that there is no appellee of record in this matter.

2. Three other children of Bernice McCutcheon have disclaimed any interest they might have in the estate.

O'Brien found that the effect of the disclaimer by Patricia Sanders, by virtue of 20 Pa. C.S. § 6205 **Effect of Disclaimer,** subsection (b) **Rights of other parties,** is to deem that she predeceased the decedent. In the accompanying Opinion, Judge O'Brien chastised the accountant for creating the circumstances, through mistake or lack of understanding, which resulted in the award by the auditing judge of Patricia Sander's share of the estate to the Commonwealth.

On September 10, 1996, appellant again filed exceptions to the August 22, 1996 decree as well as a motion for rehearing and review pursuant to 20 Pa.C.S. § 3521, **Rehearing; relief granted.** On October 1, 1996, the Honorable Petrese B. Tucker denied the motion and dismissed the exceptions with prejudice.

This appeal centers around the application and interpretation of 20 Pa.C.S. § 6205, **Effect of Disclaimer,** which states as follows:

(a) **In general.**—A disclaimer relates back for all purposes to the date of the death of the decedent or the effective date of the inter vivos transfer or third-party beneficiary contract as the case may be. The disclaimer shall be binding upon the disclaimant and all persons claiming through or under him.

(b) **Rights of other parties.**—Unless a testator or donor has provided for another disposition, the disclaimer shall, for purposes of determining the rights of other parties, *be equivalent to the disclaimant's having died before the decedent in the case of a devolution by will or intestacy* or before the effective date of an inter vivos transfer or third-party beneficiary contract, except that, when applying section 2104(1) (relating to rules of succession) or analogous provisions of a governing instrument, *the fact that the disclaimant actually survived shall be recognized in determining whether other parties take equally or by representation,* and except that if, as a result of a disclaimer, property passes to a fund in which the disclaimant has an interest or power which he has not disclaimed, the disclaimant shall retain his interest or power in the fund as augmented by the disclaimed property.

*Id.* § 6205(a) and (b); (emphasis added). The trial court determined that Patricia Sander's disclaimer was a valid and effective disclaimer and thus she was deemed to have died in the lifetime of the decedent pursuant to section 6205(b). The court then found that because the accountant was unable to ascertain whether Patricia Sanders had issue, it awarded the one-third share to the Commonwealth pursuant to 20 Pa.C.S. § 3540, **Absentee and additional distributees,** which states as follows:

(a)**Distributions due absentees.**—

(1)If the continued existence or whereabouts of an heir, devisee or legatee who once existed cannot be ascertained at the time of the audit of the personal representative's account, the court, unless it finds pursuant to section 5701 (relating to proof of death) that the absentee's death has disqualified him as a distributee of the estate, or unless a trustee has been appointed for such absentee pursuant to section 5702 (relating to trustee for absentee), shall direct that any property distributable to the absentee shall be converted into money that shall be paid into the State Treasury, through the Department of Revenue. The moneys shall be held in a custodial capacity subject to refund, without appropriation, pursuant to section 24 of Article III of the Constitution of Pennsylvania.

(2)The court shall retain jurisdiction with respect to any claim to such moneys. Upon further findings and order of court that a claimant is entitled to all or a part of the moneys, the Department of Revenue, upon petition, shall refund such moneys pursuant to the order of court.

*Id.,* § 3540(a).

Appellant now argues the trial court incorrectly applied section 6205(a), which explicitly states that a disclaimer is binding upon the disclaimant and the persons through and under the disclaimer whether known or unknown. Therefore, pursuant to section 6205(b), there are only two interested parties eligible to participate in the distribution (appellant and Matthew McCutcheon, Jr.) and, pursuant to section 2104(2), **Taking in the same degree,** this brother and sister, being

of the same degree, take equally. Furthermore, appellant alleges in the absence of any other interested parties, section 3540 is inapplicable in the instant matter.

Our scope of review in this appeal from an Orphan's Court decree is limited. We will not disturb the trial court's findings absent a manifest error; we may modify the decree only if the findings upon which the decree rests are unsupported by the evidence or if there has been an error of law, an abuse of discretion or a capricious disbelief of competent evidence.

*In re Jones,* 442 Pa.Super. 463, 660 A.2d 76 (1995).

We find an error of law in the adjudication by the en banc Court, wherein Judge O'Brien, writing for the court, has erroneously concluded that the heirs of Patricia Sanders must be ascertained, or no heirs being discovered, or no search being conducted, their share goes to the Commonwealth. The court, in disapproving the audit and subsequently denying motions for reconsideration, held that section 6205(b) required ascertaining possible issue of Patricia Sanders, assignment of Patricia's share to Maxine McCutcheon Cassidy and Matthew McCutcheon, Jr., or in the alternative, directing the one-third share of Patricia be relegated to the Commonwealth until the existence or non-existence of her issue was ascertained, as required by section 3540. Appellant was advised of these options which were to be presented at the April 1, 1996 audit hearing. In her brief appellant alleges she attempted contact with Patricia Sanders for the purpose of obtaining an assignment, but was unsuccessful. Having failed to obtain an assignment or to confirm lack of issue of Patricia Sanders, the Decree of April 10, 1996 was entered. The objections to that Decree, filed on April 30, 1996, which were denied on August 23, 1996, alleged that on or about April 24, 1996 counsel received acknowledgment and an assignment in which Patricia Sanders expressly and specifically assigned her interest to Matthew McCutcheon, Jr., and Maxine McCutcheon Cassidy. The court en banc heard argument on the exceptions on June 16, 1996, but as indicated above, reaffirmed the prior decree of April 10, 1996.

None of these proceedings or actions are relevant to the proper resolution of this case, as they draw on a faulty premise and misapplication of the law.

As a matter of first impression we have carefully analyzed the relevant statutory provisions and applied the governing rules of statutory construction to obviate apparent ambiguities, and now conclude that appellant has correctly argued the accountant made a proper distribution which should have been confirmed by the auditing judge. The analysis which follows supplies this Court's reasoning in support of the position taken by appellant and against the reasoning of the trial court due to error of law.

As indicated above, the outcome of this case turns on the construction given to three sections of the law of **Decedents, estates, & fiduciaries,** 20 Pa.C.S. §§ 2104, 3540 and 6205. To facilitate the interpretation of these provisions and to determine whether one paragraph or subparagraph of the various sections receives priority over the other in resolving possible ambiguities, we have considered them in relation to the "Statutory Construction Act of 1972", 1 Pa.C.S. § 1501 *et seq. United Cerebral Palsy v. WCAB,* 543 Pa. 544, 673 A.2d 882 (1996) (When reviewing statute, interactive principles set forth by the Statutory Construction Act govern).

At the outset we believe there is no real or apparent conflict in the provisions of the statutes which are applicable to this case and the error by the trial court arises in failing to give effect to all sections, paragraphs or subparagraphs as applied to the facts of this case. The relevant sections of the Statutory Construction Act which apply are section 1921, **Legislative intent controls,** (b), (c)(6); section 1922, **Presumptions in ascertaining legislative intent,** (1), (2) and section 1932, **Statutes in pari materia,** (a), (b).

As the facts admittedly establish, there was a valid disclaimer filed by Patricia Sanders, one of the three recognized children of Matthew McCutcheon. We need not go beyond section 6205, **Effect of disclaimer** to determine the proper result in this case, although we will analyze the relationship, or lack of one, to section 2104, **Rules of de-**

scent, and section 3540, **Absentee and additional distributees.**

■ Section 6205 is controlling as to the effect of the disclaimer in this case. The clear meaning of paragraph (a) is that the status of the parties and the effects flowing from decedent's death are fixed as of that time, regardless of when the disclaimer was made. It is analogous to the date of final separation in ascertaining what is marital property for equitable distribution purposes. Paragraph (a) also requires that any issue or heirs, direct or collateral, of the disclaimant are likewise precluded from sharing in the estate. This has the effect of eliminating the disclaimant and any of his heirs from participating in the estate in any fashion, unless it has passed to a trust or other fund at the direction of the decedent before his death and the effective date of disclaimer, as provided in section 6205(b), which is consistent with the first sentence of section 6205(a).

■ Turning to section 6205(b), **Rights of other parties,** which must be read in pari materia with section 6205(a), it extends the meaning of section (a) to establish that in addition to fixing the presumed time of death of the *decedent* for purposes of the disclaimer and inheritance, it also establishes for that purpose the time of death of the *disclaimant* as predeceasing the decedent. It states in the first sentence that "for purposes of determining the rights of other parties," the disclaimer is "equivalent to the disclaimant's having died before the decedent in the case of a devolution by will or intestacy or before the effective date of an inter vivos transfer or third-party beneficiary contract...." This establishes that the disclaimant and his heirs are not included in the chain of succession or distribution as a result of the disclaimer and the *other parties* remaining in the succession take the residuary estate. This section is further modified by the second provision, which alters what otherwise would be unreserved distribution to surviving heirs in standard fashion, applying the rules of succession pursuant to section 2104, **Rules of descent,** when the disclaimant is alive, in the same fashion as though he were living and an acknowledged successor. This means the degree of consanguinity relating to the disclaimant, as though living at the time of death of decedent, will establish, in relation to the other parties (but not including disclaimant's heirs) whether they take equally or by representation.

■ It is clear that if the disclaimant was treated as deceased for purposes of succession, it could alter whether other parties would take per capita or per stirpes, while the intent of the statute was only to relinquish the amount of disclaimant's share to the residual heirs and not to alter their position in succession. Thus, the disclaimant and his heirs are not included in the chain of succession *or* distribution and in this case, distribution to the surviving heirs under section 2104, pursuant to the disclaimer under section 6205, properly is awarded to Matthew and Maxine McCutcheon, the survivors of the elder Matthew McCutcheon. It was improper to preserve Patricia Sander's share for her possible issue because the disclaimer under the clear language of section 6205 eliminated this right.

It is therefore unnecessary to consider section 3540, **Absentee and additional distributees,** for two reasons. First, there is no reason to apply this section because a proper construction of section 3540 in relation to section 6205, pursuant to the Rules of Statutory Construction, requires us to hold that any existing issue properly were removed from the chain of succession. To find otherwise would be to vitiate the intent and effect of the disclaimer. Also, to require an assignment in lieu of a disclaimer, or to involve another procedure to achieve the full result of a disclaimer, would be redundant and contrary to the obvious legislative intent. Secondly, a clear reading of the language in section 3540 indicates it applies only when in fact the *continued* existence or whereabouts of a *known* heir, devisee or legatee is in question and not as here, where there are no *known* issue of Patricia Sanders. Again, the full meaning and intent of every word must be given effect by the Statutory Construction Act.

■ As to the issues of timeliness in filing post-trial motions or compliance with the directives of the court as to assignment or

determination of the existence of the issue of Patricia Sanders, these are rendered moot by our resolution of this case.

Order of the trial court is reversed and the balance of the estate of Matthew McCutcheon is to be distributed to Maxine McCutcheon Cassidy and Matthew McCutcheon, Jr.

Jurisdiction relinquished.

HUDOCK, J., concurs in the result.