**In re ESTATE OF Mary M. YORTY, deceased.**

**Appeal of Erma V. Yorty.**

Superior Court of Pennsylvania.

Argued Sept. 13, 2000.

Filed Oct. 16, 2000.

Debra K. Wallet, Lebon, for appellant.

Kevin M. Richards, Lebon, for Lebanon Valley Farmers Bank, appellee.

BEFORE: JOHNSON, TODD and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Appellant, Erma V. Yorty, appeals the February 11, 2000 Decree affirming the decree nisi which denied appellant's claim against the estate of Mary M. Yorty. On appeal, appellant argues a promissory

note, which was executed by her brother, Ralph Yorty, and his wife, Mary, and payable to appellant upon their deaths, is not a testamentary document. In the alternative, she claims the note is a contract to will, which is enforceable due to the deaths of Ralph and Mary Yorty. Concluding the promissory note is a testamentary device, we affirm.

¶ 2 Ralph and Mary Yorty executed a promissory note for $100,000, payable upon their deaths. The document was signed, yet undated, on a form with pre-printed seals and was given to appellant at least 20 years prior to Ralph's death on January 12, 1980.[1] Mary executed a will in 1993, which revoked all previous codicils and wills. She died on April 14, 1995. Thereafter, appellant filed a claim with Lebanon Valley Farmer's Bank, administrator of Yorty's estate, for payment of the $100,000 note. On December 2, 1998, the Bank filed its First and Final Account of the estate, which excluded appellant's claim. The trial court confirmed the Bank's Account and appellant filed exceptions. The court appointed an auditor and an evidentiary hearing was held on June 7, 1999. The auditor concluded the promissory note was testamentary and that Mary's 1993 will revoked the note. On August 24, 1999, the trial court entered a decree nisi confirming the auditor's report. Appellant's exceptions to the decree nisi were denied and this timely appeal followed.

¶ 3 On appeal, appellant presents the following questions for our review:

Did the lower court err in concluding that the $100,000 note was not a valid and enforceable claim against the Estate of Mary M. Yorty;

Did the lower court err in concluding that the document in question was a will;

In the alternative, did the lower court err in finding that the document was not

a contract to will between three parties and not revocable by only one party;

Should interest have been ordered paid on the note from the date of Mary M. Yorty's death to the date of payment;

Was a collection fee of five percent due and owing on the note; and

Did the lower court err in imposing the costs of this proceeding on Erma V. Yorty?

(Appellant's brief at 5.)

¶ 4 "Our scope of review in this appeal from an Orphan's Court decree is limited. We will not disturb the trial court's findings absent a manifest error; we may modify the decree only if the findings upon which the decree rests are unsupported by the evidence or if there has been an error of law, an abuse of discretion or a capricious disbelief of competent evidence." *In re Estate of McCutcheon*, 699 A.2d 746, 749 (Pa.Super.1997) (citation omitted).

■ ¶ 5 Appellant argues the promissory note represents a promise to pay and that she had a vested interest in the $100,000 when the note was delivered to her. Appellee/estate argues the promissory note is testamentary in character because "the substance of the writing evidences a gift [to appellant] intending to become effective after the death of Mary M. Yorty." (Appellee's brief at 4.)

The rule has been repeatedly stated that no formal words are necessary to make a valid will. The form of the instrument is immaterial so long as in substance it is a gift intended to take effect after testator's death. The important and usual incident of such testamentary document is that it vests no present interest but is intended to become operative only after the death of the maker, and until that time it continues to be ambulatory and may be revoked by testator[.] A writing in the form of a promissory note or a deed may operate as a will if the

---

1. Appellant testified she received the note while her brother was still working; Ralph

Yorty retired in 1959 or 1960.

intention is that it should take effect only at the death of the maker[ ] and it is immaterial that the paper may have been delivered to the beneficiary during the lifetime of the maker[.]

*In re Wolfe's Estate*, 284 Pa. 169, 172, 130 A. 501, 502 (1925) (citations omitted).

¶ 6 In this case, appellant testified her brother filled in the blanks of the preprinted promissory note, which was given to her because she helped her brother and bought him things throughout his life (N.T., 6/7/99, at 11–13). The note was not given in return for any money borrowed (*id.* at 17–18). At the time Mary Yorty executed her 1993 will, the promissory note given to appellant was not mentioned or included (*id.* at 24). Appellant's testimony reveals she did not believe the money had to be paid to her but that she hoped it would be given to her upon the death of her brother and his wife (*id.* at 26–29).

■ ¶ 7 The promissory note clearly states its maturity is at the death of both Ralph and Mary Yorty. We recognize "[t]he mere fact that a writing is to become effective only after the death of a party is not sufficient to give it a testamentary character." *In re Eisenlohr's Estate*, 258 Pa. 438, 441, 102 A. 117, 118 (1917). Our Supreme Court, however, has found testamentary intent from an informal document reciting phrases such as "when I die", *Appeal of Thompson*, 375 Pa. 193, 100 A.2d 69 (1953), "In case of my death. . . .", *In re Wenz' Estate*, 345 Pa. 393, 29 A.2d 13 (1942), or "immediately upon my death", *In re Zell's Estate*, 329 Pa. 312, 198 A. 76 (1938). The note in question indicated the money was to be given to appellant "after death of both of us". We conclude the note vested no present interest in appellant, but only stated what was to be done after the death of both Ralph and Mary Yorty. There was no evidence Ralph or Mary set aside the money for appellant and, thus, the conclusion is inescapable that they exercised full ownership over the money while they were alive and intended the money to pass to appellant only upon their deaths. We conclude, therefore, the promissory note is a testamentary device.

¶ 8 The estate argues that because the note is a testamentary document, it was revoked by the subsequent will of Mary Yorty. Appellant claims, however, the subsequent will of only one of the promisors does not nullify the terms of the promissory note.

■ ¶ 9 Our Supreme Court has applied a demanding standard of proof in cases where the power to revoke a testamentary instrument is challenged. In order for a joint testamentary instrument to be irrevocable, the parties must have contracted to give up the power of revocation. *Estate of Kester*, 477 Pa. 243, 250, 383 A.2d 914, 917–18 (1978).

In the case of a joint will in which extrinsic evidence is relied upon to prove the existence of a contract, we have held that the proof must be 'clear and convincing.' Likewise, in cases not involving joint wills, but involving the issue of whether there existed a contract to make a will or not to revoke a will, the rule has been that evidence of the existence of a contract must be clear and convincing.

*Id.* at 251, 383 A.2d at 918 (citations omitted).

■ ¶ 10 In this case, there is no evidence in the record indicating the Yortys entered into a contract to give up the power of revoking the promissory note. The language of the promissory note is silent as to the parties' power to revoke the instrument and we are unable to find any agreement limiting Mary's power to bequeath the money to others. Upon Ralph's death, the control of his estate and monies passed to his wife and became part of her estate. She exercised exclusive control and, thus, Mary had the authority to dispose of the property as she saw fit. In 1993, when Mary executed a will, she explicitly revoked all prior wills and codicils.

In light of the record, we conclude the promissory note was revoked by Mary's 1993 will, and appellant, therefore, may not collect from the estate.

¶ 11 In light of the foregoing discussion, we cannot find the evidence sufficient to support appellant's contention, in the alternative, that the note should be considered a contract to make a will. *See In re Estate of Swenk*, 176 Pa.Super. 513, 108 A.2d 825 (1954) (evidence must be definite, certain, clear and convincing). As previously stated, the record reveals the parties' intent to create a testamentary device. We are not able to conclude the Yortys agreed to dispose of the $100,000 by will and that such will was irrevocable. As the record does not reveal the creation, terms and consideration of the alleged contract, appellant's argument is without merit.

¶ 12 Because the note is not an enforceable claim against the estate, no interest or collection fee is due on the note. In addition, the imposition of costs for the proceeding upon appellant is appropriate. *See* Pa.R.C.P. 1526, **Liability for Costs**.

¶ 13 Accordingly, the Decree denying appellant's claim against the estate of Mary Yorty is affirmed.

¶ 14 Decree affirmed.