J-S03003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF BEVERLY COYNE, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: STEVEN COYNE | : : : : : : : | |
| | : | No. 994 MDA 2023 |

Appeal from the Order Entered June 15, 2023
In the Court of Common Pleas of Lackawanna County Orphans' Court at
No(s):  2021-00803

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 27, 2024**

Appellant, Steven Coyne, appeals from the order entered June 15, 2023, which denied his challenge to the probate of a will executed by Decedent, Beverly Coyne, on July 1, 2023 (hereinafter the July 2013 will).  We vacate and remand for further proceedings consistent with this memorandum.

On July 1, 2013, Decedent executed the July 2013 will, which was a "formal legal document, prepared by [] James Mangan[, Esquire], and appropriately executed and drafted."  Orphans' Court Opinion, 6/15/23, at 2. The orphans' court summarized the contents of the July 2013 will as follows:

> [Decedent] left her estate to her sons, David and James [Coyne], and named her son[,] James[,] executor with David as alternate Executor.  She further [left] her residuary Estate to those of [her] sons who survive[d her] and to the issue who survive[d her] of those of [her] sons who predecease [her], *per stirpes*.

***Id.*** at 1 (internal quotation marks omitted) (emphasis added).

On July 28, 2020, Decedent deeded her home, located on Prescott Avenue, Scranton, Pennsylvania, to her son, James Coyne (hereinafter, "the Property"). Thereafter, on December 16, 2020, Decedent's son, David Coyne, passed away and, as such, under the terms of the July 2013 will, her "entire estate [apart from residuary property] passed to her son James [Coyne]." *Id.* Decedent died on April 27, 2021 "when she was no longer seized of the [P]roperty." *Id.* at 2. The July 2013 will was ultimately admitted to probate by the Lackawanna County Register of Wills and letters testamentary were granted to James Coyne as executor on July 29, 2021.

On November 22, 2022, Appellant[1] appealed the Register's decree and filed a petition to set aside the July 2013 will and substitute a will dated July 8, 2018 (hereinafter, the "July 2018 will"). The orphans' court provided the following summary regarding the July 2018 will:

> [The July 2018 will] left [the Property] . . . to any of [Decedent's] children or grandchild whoever desire[d] it with [her] son, James, or grandson, Steven[,] having first choice. [The July 2018 will] is a form which appears to have been self-executed by [Decedent] and subsequently stored in a cabinet in her home.

*Id.* (internal quotation marks omitted). The July 2018 will included a statement indicating Decedent's revocation of "all former wills and codicils that [she] previously made." *Id.*

_____

[1] Appellant is the son of Decedent's daughter, Sheila Coyne. Neither Sheila Coyne, nor her issue, received a share of Decedent's estate under the July 2013 will. *See* Orphans' Court Opinion, 6/15/23, at 1-2.

On January 11, 2023, the orphans' court convened a hearing on Appellant's petition. On June 15, 2023, the orphans' court issued an order denying Appellant's petition as moot. This timely appeal followed.[2]

Appellant raises the following issue on appeal:[3]

_____

[2] A review of the certified record reveals that, after Appellant filed a notice of appeal, the orphans' court entered an order on July 18, 2023 directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 20 days. Appellant, however, did not file his Rule 1925(b) statement until September 28, 2023. In general, the "failure to file a Rule 1925(b) statement would result in the waiver of an appellant's issues on appeal." **See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted); **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (explaining that an untimely concise statement waives all claims on appeal); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward . . . [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."). In this instance, however, there is no notation on the docket that Appellant was served with notice of the trial court's 1925(b) order as required by Pa.R.Civ.P. 236(b) ("The prothonotary shall note in the docket the giving of the notice[.]"). Because the orphans' court did not note on the docket the date and manner by which Appellant was served the Rule 1925(b) order, we decline to conclude that Appellant's claims are waived on appeal. **See In re L.M.**, 923 A.2d 505, 510 (Pa. Super. 2010) (declining to find the appellant's issues waived on appeal where docket does not reflect service of concise statement order).

[3] Appellant's Statement of the Questions Involved on Appeal are as follows:

> 1. Did the [o]rphans[ c]ourt err in determining that the petition for appeal should be denied as moot?
>
> 2. Did the [o]rphans[ c]ourt err in determining that [the] conveyance of real property out of the testamentary estate rendered the probate of the [the July 2018 will] moot?

*(Footnote Continued Next Page)*

[Whether the orphans' court erred in denying or refusing to entertain Appellant's petition to set aside the July 2013 will on grounds that the petition asserted claims that were mooted by Decedent's pre-death transfer of the Property?]

**See generally** Appellant's Brief at 6.

On appeal, Appellant challenges the orphans' court's disposition of his petition to set aside the July 2013 will. Our standard and scope of review over Appellant's claim is as follows:

> Our scope of review in this appeal from an [o]rphan[s' c]ourt decree is limited. We will not disturb the trial court's findings absent a manifest error; we may modify the decree only if the findings upon which the decree rests are unsupported by the evidence or if there has been an error of law, an abuse of discretion or a capricious disbelief of competent evidence.

_____

> 3. Did the [o]rphans[ c]ourt err in failing to permit the probate of the [the July 2018 will]?
>
> 4. Did the [o]rphans[ c]ourt err in holding that failure to act did not "cause one party to suffer some detriment without the court'[s] decision in accordance with **Philadelphia Public School Notebook v. School District of Philadelphia**, 49 A.3d 445 (Pa. [Commw]. 2012)?

Appellant's Brief at 6.

Appellant's brief, however, is not divided into sections corresponding to each of his questions presented, in violation of Pa.R.A.P. 2119 ("The argument shall be divided into as many parts as there are questions to be argued"). It is within this Court's power to quash an appeal for clear violation of our appellate rules. **See Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity**, 32 A.3d 800, 804 n.6 (Pa. Super. 2011) (*en banc*), *aff'd*, 91 A.3d 680 (Pa. 2014) (citations omitted). While we admonish Appellant for his failure to abide by our appellate rules, we conclude that Appellant's brief is not so defective as to hamper our review. **See id.** We will therefore consider the merits of Appellant's claims.

*In re Estate of Yorty*, 761 A.2d 187, 188 (Pa. Super. 2000), *quoting In re Estate of McCutcheon*, 699 A.2d 746, 749 (Pa. Super. 1997).

As an initial matter, it must be recognized that, under Section 711 of the Decedents, Estates, and Fiduciaries Code, "[j]urisdiction over [a] decedents' estate[] and their fiduciaries is vested . . . solely in the orphans' court division of the various courts of common pleas." *Estate of Gentry v. Diamond Rock Hill Realty, LLC*, 111 A.3d 194, 198 (Pa. Super. 2015) (citation omitted). Indeed, Section 711 provides, in relevant part, as follows:

> Except as provided in section 712 (relating to nonmandatory exercise of jurisdiction through the orphans' court division) and section 713 (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:
>
> > **(1) Decedents' estates.**--The administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial.

20 Pa.C.S.A. § 711(1). In addition, the orphans' court "must also adjudicate disputes concerning the title and rightful possession of a decedent's property." *In re Estate of Sauers*, 32 A.3d 1241, 1249 (Pa. 2011).

Appellant's petition asked the orphans' court to set aside the Register of Wills's decree that accepted the July 2013 will into probate. In so doing, Appellant came forward with a subsequent instrument alleged to have been executed by Decedent (the July 2018 will) which not only purported to "revoke all [Decedent's] former wills," but also provided Appellant with an interest in the real property of Decedent's Estate. Appellant's Petition, 11/22/22, at 3

and Exhibit B (the July 2018 will which identified Appellant as a beneficiary of Decedent's estate). Because these facts undoubtedly speak to "[t]he administration and distribution of the real . . . property of [Decedent's] estate," Appellant's claims fell within the exclusive jurisdiction of the orphans' court. 20 Pa.C.S.A. § 711(1).

Instead of reviewing Appellant's challenge, *i.e.*, determining the validity of the Decedent's 2018 will (and, relatedly, the continued validity of the July 2013 will), the orphans' court found that "extenuating circumstances" rendered Appellant's appeal moot. Orphans' Court Opinion, 6/15/23, at 3. In particular, the orphans' court held:

> Even if the [a]ppeal was sustained and [the July 2018 will] was admitted to probate, it would be of no consequence in the eyes of this [c]ourt. Any legal issue raised by the parties regarding will hierarchy are rendered moot by extenuating circumstances. [The July 2013 will] left the [P]roperty . . . to James Coyne. [The July 2018 will] also leaves [the Property] to James Coyne or [Appellant]. However, [Decedent] willingly and voluntarily deeded the [P]roperty to James Coyne nine months prior to her death. Thus, what would have been the sole probate asset of the Estate was conveyed by [Decedent] nine months prior to her death, and consequently[,] the validity of either will is irrelevant.

*Id*. The foregoing assessment, together with the orphans' court's conclusion that none of the exceptions to the mootness doctrine applied, lead the court to deny Appellant's petition. *Id*. at 3-4.

This Court previously explained:

> "A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." Stated differently, "[a]n issue before a

court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect."

Moreover,

> Despite a determination that a case is moot, "[t]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court."

***Commonwealth v. Nava***, 966 A.2d 630, 632–633 (Pa. Super. 2009) (internal quotations and citations omitted).

Upon review, we conclude that the orphans' court erred in dismissing, on mootness grounds, Appellant's challenge to the validity of the July 2018 will. More specifically, we are unable to agree with the orphans' court's application of the mootness doctrine in the circumstances before us because we are convinced that a determination of the validity of the July 2018 will can have a discernable impact on the current controversy and Appellant will suffer a detriment without a determination. Appellant's stake in Decedent's estate turns upon the validity of the July 2018 will. If the July 2018 will is valid, Appellant possesses at least some interest in the Property, which the orphans' court expressly recognized. ***See*** Orphans' Court Opinion, 6/15/23, at 3; ***see also*** 20 Pa.C.S.A. § 301(b) (explaining that "[l]egal title to all real estate of a decedent shall pass at [her] death to [her] heirs or devisees"). If Appellant has a recognized interest in the Property, he may challenge Decedent's *inter*

*vivos* transfer of the Property to James Coyne.[4]  Hence, the orphans' court's determination of the validity of the July 2018 will would, in fact, have more than a "practical effect on the existing controversy:" it constitutes Appellant's sole recourse to obtain relief.  **Nava**, 966 A.2d at 633.  We therefore conclude that the trial court erred in dismissing Appellant's petition, as the record refutes application of the mootness doctrine.  As such, we remand the instant matter for the orphans' court to determine the validity of the July 2018 will.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/27/2024

---

[4] We recognize that, in its June 15, 2023 opinion, the orphans' court stated that "[Decedent] willingly and voluntarily deeded the [P]roperty to James Coyne nine months prior to her death."  Orphans' Court Opinion, 6/15/23, at 3.  While this statement appears to negate Appellant's potential claim that Decedent transferred the Property to James Coyne as a result of undue influence, it is apparent that the validity of the transfer was not a subject of consideration during the January 11, 2023 hearing.  In fact, Appellant's counsel represented that the claim that the Decedent transferred the Property to James Coyne due to undue influence would be "another fight for another day."  N.T. Hearing, 1/11/23, at 20.  It does not appear to us, therefore, that the orphans' court made a considered and definitive finding that the transfer of the Property was valid and not brought about by undue influence.

- 8 -