J-S10001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: LAWRENCE F. WALKER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: LAWRENCE L. WALKER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1141 WDA 2023 |

Appeal from the Order Entered July 27, 2023
In the Court of Common Pleas of Indiana County Orphans' Court at
No(s):  Case No. 32-17-0376

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.:          **FILED: May 15, 2024**

Appellant, Lawrence L. Walker, appeals from the July 27, 2023 order entered in the Orphans' Court Division of the Court of Common Pleas of Indiana County.  We vacate and remand.

From July 21, 2017 through September 14, 2017, Appellant served as emergency guardian for the estate of Lawrence F. Walker ("Walker"), his father and an alleged incapacitated person.  On October 6, 2017, Walker died. Thereafter, Appellee, Lois Shawnmarie Allen, Walker's daughter, was appointed Executrix of Walker's estate.  On November 28, 2017, Appellant was ordered to file an inventory and formal accounting of all income received, and expenses paid, on behalf of Walker during the period of Appellant's guardianship.[1]  Appellant timely complied.  On March 1, 2018, Appellee filed

_____

[1] We shall refer to the inventory and summary of income and expenses prepared by Appellant as the "Account" or the "Accounting Report."

objections to the Account. A hearing on Appellee's objections was ultimately held on January 25, 2023 before appointed auditor Anthony S. Sottile, III (the "Auditor"). The Auditor filed his report with the court on June 15, 2023, but the record does not establish that he provided notice of the report to the parties. On July 27, 2023, the orphans' court issued an order adopting the Auditor's report and ordering that Appellant be surcharged to return $64,021.49 to Walker's estate. This timely appeal followed.

Appellant raises the following issue on appeal:

> Was the proper procedure followed in this case, given that there was no notice of the filing of the Auditor's report or the need to take exceptions to the same?

Appellant's Brief at 4.

Our standard and scope of review over Appellant's claim is as follows:

> Our scope of review in this appeal from an [o]rphan[s' c]ourt decree is limited. We will not disturb the trial court's findings absent a manifest error; we may modify the decree only if the findings upon which the decree rests are unsupported by the evidence or if there has been an error of law, an abuse of discretion or a capricious disbelief of competent evidence.

*In re Estate of Yorty*, 761 A.2d 187, 188 (Pa. Super. 2000), *quoting In re Estate of McCutcheon*, 699 A.2d 746, 749 (Pa. Super. 1997).

The Orphans' Court Rules govern the present analysis. In particular, Orphans' Court Rule 9.6 states:

> An auditor or hearing officer shall give notice of the filing of the report or of the intention to file the report in such manner and to such parties as local rules shall prescribe.

Pa.O.C. Rule 9.6.  Additionally, Orphans' Court Rule 9.7, in relevant part, provides:

> (a) The report of an auditor shall be confirmed in such manner as local rules shall prescribe.

Pa.O.C. Rule 9.7(a).

In this instance, it is undisputed that the Auditor failed to provide notice of the filing of his report in contravention to Rule 9.6.  While it does appear that Indiana County Orphans' Court presently has in place no relevant local rule prescribing how the Auditor must provide notice, this circumstance does not alter the fact that Rule 9.6 specifically mandates that notice must be given.  We therefore conclude that the orphans' court erred in adopting the Auditor's June 15, 2023 report in the absence of notice to the parties that would afford them a reasonable opportunity to register any objections.  Accordingly, we vacate the orphans' court's order and remand the instant matter to permit Appellant, if he so desires, to file exceptions to the Auditor's June 15, 2023 report.[2]

---

[2] Appellee points out that Indiana County Orphans' Court "does not have in place any valid local rule regarding the procedure for confirming an auditor's report" and, as such, "there is no required procedure for the filing of exceptions or objections to an auditor's report."  Appellee's Brief at 6-7.  Our review of Indiana County Orphans' Court's Local Rules confirms Appellee's assertion.  It is well-settled, however, that "[n]o pleading or other legal paper shall be refused for filing based upon a requirement of a local rule."  Pa.R.J.A. No. 103(d)(8).  Hence, the absence of a local rule that prescribes the method by which a party may file exceptions to an Auditor's report does not, in and of itself, preclude a party from doing so.  Moreover, in its 1925(a) opinion, the trial court clearly contemplated that Appellant would file exceptions to the

*(Footnote Continued Next Page)*

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/15/2024

_____

Auditor's report.  **See** Trial Court Opinion, 9/21/23, at 2 (stating that Appellant's "failure to file exceptions for the [c]ourt's consideration" made it impossible for it "to provide further support for the entry of the [o]rder dated July 27, 2023").  In light of the foregoing, as well as the Auditor's clear failure to abide by Rule 9.6, it is appropriate that we remand the instant matter to ensure the Auditor's report is properly confirmed.