J-S11045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| IN RE: LAWRENCE F. WALKER | : IN THE SUPERIOR COURT OF |
| | :  PENNSYLVANIA |
| | : |
| APPEAL OF: LAWRENCE L. WALKER | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | :  No. 1186 WDA 2025 |
| | : |

Appeal from the Decree Entered August 15, 2025
In the Court of Common Pleas of Indiana County Orphans' Court at
No(s):  32-17-0376

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.:                **FILED May 13, 2026**

Lawrence L. Walker appeals from the decree, entered in the Court of Common Pleas of Indiana County, Orphans' Court Division, denying his objections to the report of the auditor, approving the auditor's report, and surcharging Walker in the amount of $64,021.49.  After our review, we affirm.

This Court has previously set forth the factual and procedural history of this case as follows:

> From July 21, 2017[,] through September 14, 2017, [Walker] served as emergency guardian for the estate of Lawrence F. Walker ("[Decedent]"), his father and an alleged incapacitated person.  On October 6, 2017, [Decedent] died.  Thereafter, Appellee, Lois Shawnmarie Allen [("Executrix")], [Decedent]'s daughter, was appointed executrix of [Decedent]'s estate.  On November 28, 2017, [Walker] was ordered to file an inventory and formal accounting of all income received, and expenses paid, on behalf of [Decedent] during the period of [the emergency] guardianship.  [Walker] timely complied.  On March 1, 2018, [Executrix] filed objections to the account.  [In her objections,

> Executrix alleged, inter alia, that Walker failed to include in his account the proceeds of two annuities, with a combined estimated balance of $28,854.19, failed to account for the disposition of $22,593.62 withdrawn from Decedent's savings account, and disposed of Decedent's two vehicles for substantially less than fair market value ("FMV").]  A hearing on Executrix's objections was ultimately held on January 25, 2023 before appointed auditor Anthony S. Sottile, III[.  Walker did not appear at the hearing before the auditor, although his counsel was present.]  The auditor filed his report with the court on June 15, 2023, but the record does not establish that he provided notice of the report to the parties.  On July 27, 2023, the [O]rphans' [C]ourt issued an order adopting the auditor's report and ordering that [Walker] be surcharged to return $64,021.49 to [Decedent]'s estate.

*In re Walker*, 321 A.3d 957, 958 (Pa. Super. 2024) (Table) (footnote and unnecessary capitalization omitted).

Walker appealed the July 27, 2023 order, arguing that he did not receive proper notice of the auditor's report or his right to file exceptions thereto.  This Court agreed, vacating the order and remanding the matter to the Orphans' Court to permit Walker to file exceptions.

On July 22, 2025, Walker filed exceptions to the auditor's report, asserting that the auditor:  (1) did not set forth a burden of proof; (2) never determined that the proceeds of the annuities were not subject to a beneficiary designation and passed outside the probate estate; (3) erred in recommending a surcharge for the proceeds of Decedent's savings account, which Walker claims were used to pay off a debt of Decedent; and (4) erred in recommending a surcharge in the total amount of $9,650.00, representing the difference between the actual sale price of Decedent's automobiles and their FMV.  *See* Exceptions to Auditor's Report, 7/22/25, at 3.

- 2 -

On July 23, 2025, the Orphans' Court held oral argument on Walker's exceptions. Thereafter, on August 15, 2025, the Orphans' Court issued an opinion and decree denying Walker's exceptions, approving the auditor's report, and imposing a surcharge in the total amount of $64,021.49. Walker filed a timely notice of appeal on September 15, 2025,[1] followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Walker claims that "the [Orphans' Court] err[ed] in determining that [his] actions in handling the [guardianship] estate were sufficiently negligent to support a surcharge[.]" Brief of Appellant, at 4.

We begin by noting that the argument section of Walker's brief, which dedicates an average of one page of argument to each of his three sub-issues, provides no citation to relevant authority other than a short introductory argument regarding the proper burden of proof in a surcharge case. *See* Brief of Appellant, at 9-10. "[W]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *See Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted). For

---

[1] The thirtieth day following the entry of the Orphans' Court's opinion and decree was a Sunday. Thus, Walker's filing on the thirty-first day was timely. *See* 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from computation of time when last day of time period falls on weekday or holiday). *See also* Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after entry of order from which appeal taken).

that reason, we could find Walker's claims waived. However, because we can discern the basis for those claims, we decline to do so.

Our standard and scope of review is as follows:

Our scope of review in this appeal from an Orphan[s'] Court decree is limited. We will not disturb the [] court's findings absent a manifest error; we may modify the decree only if the findings upon which the decree rests are unsupported by the evidence or if there has been an error of law, an abuse of discretion[,] or a capricious disbelief of competent evidence.

*In re Estate of Yorty*, 761 A.2d 187, 188 (Pa. Super. 2000), quoting *In re Estate of McCutcheon*, 699 A.2d 746, 749 (Pa. Super. 1997).

A fiduciary of an estate "is required to use such common skill, prudence and caution as a prudent man, under similar circumstances, would exercise in connection with the management of his own estate." *In re Estate of Lohm*, 269 A.2d 451, 454 (Pa. 1970). A surcharge may be imposed on a fiduciary to compensate the estate for any losses incurred by the fiduciary's lack of due care. *In re Dobson's Estate*, 417 A.2d 138 (Pa. 1980). "When seeking to impose a surcharge against an executor [or guardian] for the mismanagement of an estate, those who seek the surcharge bear the burden of proving the executor's [or guardian's] wrongdoing." *Estate of Geniviva*, 675 A.2d 306, 311 (Pa. Super. 1996). However, "where a significant discrepancy appears on the face of the record, the burden shifts to the executor to present exculpatory evidence and thereby avoid the surcharge." *Id.* Additionally, "[w]here a fiduciary claims credit for disbursements made by him, the burden rests upon the fiduciary to justify them. Proper vouchers or equivalent proof

- 4 -

must be produced in support of such credits. Accountant's unsupported testimony is generally insufficient." ***In re Estate of Bechtel***, 92 A.3d 833, 839 (Pa. Super. 2014), quoting ***In re Strickler's Estate***, 47 A.2d 134, 135 (Pa. 1946).

Walker first claims that the Orphans' Court erred in imposing a surcharge for a withdrawal he made from Decedent's savings account in the amount of $22,593.62. Walker argues that he provided "clear and circumstantial evidence that the withdrawal . . . was used to pay [] off [a $42,000.00 promissory note from Decedent to First National Bank]" and "there has been no testimony as to any other potential source of that payment." Brief of Appellant, at 11. In support of his claim, Walker relies on a copy of the promissory note stamped "paid" as of July 27, 2017, the date of the withdrawal in question. ***Id.***

In response, Executrix argues that the payoff amount is not stated on the promissory note and Walker presented no evidence linking the withdrawal to the payment of the loan. ***See*** Brief of Appellee, at 15. Executrix argues that "this is not consistent with the ***Bechtel*** Court's requirement to provide '[p]roper vouchers or equivalent proof' and the surcharge must be upheld." ***Id.*** We are constrained to agree.

Walker essentially asks this Court to make a leap of logic, unsupported by any evidence such as a payment receipt, cancelled check, or sworn testimony. We decline to do so. Walker had ample opportunity to provide proof of payment but, instead, failed to produce documentary support for the

credit claimed or appear at the hearing before the auditor. As the burden to justify credits claimed for disbursements rests upon the accountant, **Bechtel**, **supra**, and Walker has failed to satisfy that burden, he is entitled to no relief.

Next, Walker claims that the Orphans' Court erred in surcharging him for the difference between the FMV of the Decedent's two vehicles and the price for which he sold them. Walker argues that Executrix based her assessment of the vehicles' FMVs on information she testified that she gathered from the Internet, and for which no printout or other substantiation was presented. Therefore, Walker argues, "her opinion as to the value of the vehicle[s] is no greater than the opinion of those dealers who were willing to [] buy the[] vehicles from [Walker] for the values listed." Brief of Appellant, at 13.

In response, Executrix asserts that she "credibly testified as to her knowledge and familiarity with the two vehicles[] and provided a lay witness' opinion of value consistent with Pa.R.E. 701 and the relevant case law." Brief of Appellee, at 17. Based on her familiarity with the vehicles, Executrix "performed online research and found comparable listings and sales online, researched values of similar vehicles in 'good' condition[] and spoke to a dealer regarding the value of the vehicles." **Id.** at 18-19. She argues that Walker's counsel failed to object to the admissibility of her testimony and that Walker "did not appear at the auditor's hearing or provide any evidence or testimony" to demonstrate the propriety of the vehicles' sales prices. **Id.** at 22.

Again, we are constrained to agree with Executrix. A fiduciary, "when determining the value of an estate's assets, must exercise only 'common skill, common prudence, and common caution[.]'" *In re Cooperman's Estate*, 409 A.2d 8, 10 (Pa. 1979), quoting *Mereto Estate*, 96 A.2d 115, 116 (Pa. 1953). When a beneficiary proves that the fiduciary has committed a breach of duty and that a related loss has occurred, the burden of persuasion shifts to the fiduciary to prove that the loss would have occurred in the absence of a breach of duty. *In re Estate of Aiello*, 993 A.2d 283, 289 (Pa. Super. 2010). Here, Walker provided no evidence to substantiate the propriety of the sales price he received for the vehicles and his counsel failed to object to the admissibility of Executrix's lay testimony regarding the FMV of the vehicles, which the auditor deemed credible. Thus, in the absence of any evidence contradicting Executrix's valuation testimony, we can discern no abuse of discretion on the part of the Orphans' Court in approving the auditor's determination and imposing a surcharge. *Yorty*, *supra*.

Finally, Walker challenges the surcharge imposed in relation to his liquidation of Decedent's two annuity accounts. Walker argues that the annuities could have been subject to beneficiary designations and, therefore, they are "not something that the [] Execut[rix] of the Decedent's estate[] would normally have any involvement in." Brief of Appellant, at 14. He is entitled to no relief.

Section 6108 of the Probate, Estates, and Fiduciaries Code provides that beneficiary designations on annuity contracts payable on or after death are

not testamentary and are not subject to transfer by will. *See* 20 Pa.C.S.A. § 6108(a). However, here, the annuities were liquidated prior to Decedent's death. Accordingly, any beneficiary designations Decedent may have made[2] were extinguished by the surrender of the annuity for its cash value and the cash became part of Decedent's guardianship estate. *See In re Goldstein's Estate*, 119 A.2d 278, 283 (Pa. 1956) (where annuitant reserved to himself incidents of ownership, including the right to surrender, beneficiary had only expectancy, not vested interest). Walker concedes that he liquidated the annuities during his tenure as emergency guardian. Thus, he bore the burden to justify the exclusion of the proceeds from his accounting. *Bechtel*, *supra*. Walker asserted in response to a request for admission by the Executrix that the annuity proceeds "were used to pay debts owed by [Decedent], and any remainder used to fund a prepaid funeral account." Response to Objector's First Requests for Admission, 6/15/23, at 3. However, Walker failed to provide "[p]roper vouchers or equivalent proof . . . in support of such credits." *Bechtel*, 92 A.3d at 839. Accordingly, the Orphans' Court did not err or abuse its discretion in imposing a surcharge in the amount of the annuity proceeds.

Decree affirmed.

---

[2] We note that, although he clearly was in possession of the annuity documents, Walker provided no evidence that they were subject to beneficiary designations that would have passed the proceeds outside of Decedent's estate.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

5/13/2026